# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
Delaware County

For Prothonotary Use Only:
Docket No: 15-6782  FILED 2015 AUG -3 PM 12:15
DELAWARE SUPPORT
DELAWARE CO. PA.

The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Cyprian Asumana | State Farm Mutual Automobile Insurance Company |

Are money damages requested? [X] Yes  [ ] No

Dollar Amount Requested: (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

Is this a *Class Action Suit*?  [ ] Yes  [X] No
Is this an *MDJ Appeal*?  [ ] Yes  [X] No

Name of Plaintiff/Appellant's Attorney: Michael J Brooks, Esquire   PA ID# 74630
[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [X] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
___
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
___
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
___
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

Updated 1/1/2011

## In the Court of Common Pleas, Delaware County, Pennsylvania

CYPRIAN ASUMANA
5514 Wyalusing Avenue
Philadelphia, Pennsylvania 19131

Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY
One State Farm Plaza
Bloomington, Illinois 61710
and
PETE ZIFF
1 State Farm Drive
Concordville, Pennsylvania 19339

Defendant.

Civil Action No.:

**COMPLAINT AND JURY DEMAND**

*Civil Action*

<u>COMPLAINT AND JURY DEMAND</u>

Plaintiff Cyprian Asumana by and through his counsel, on personal knowledge as to his own actions and on information and belief as to the actions, capabilities and motivation of others, hereby alleges as follows:

**NATURE OF THE CASE**

1. Cyprian Asumana, ("Asumana") brings this action to recover damages, expenses, and attorney fees arising from the Malicious Abuse of Process, and Wrongful Use of Criminal Proceedings by Defendants.

2. In violation of 42 Pa.Cons.Stat.Ann. § 8351, (also known as the Dragonetti Act), Defendants instituted a criminal matter with a malicious motive and lacking probable cause, providing misleading and false information to authorities.

3. Further, Defendants sought a perversion of the criminal process after it had been initiated, by allowing it to



LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
*Attorney at Law*
3724 East Brandon Way ◇ Doylestown, Pennsylvania 18902
(215) 230-3761

continue, knowing they would not appear in court and face the accused.

**THE PARTIES**

4. Cyprian Asumana is an individual residing in Philadelphia County, Pennsylvania.

5. State Farm Mutual Automobile Insurance Company ("State Farm") is a business located at One State Farm Plaza Bloomington, Illinois 61710, is engaged in the business of selling automobile liability insurance policies, online at its website Statefarm.com and through it agents throughout Philadelphia County, and Delaware County and throughout Pennsylvania.

6. Defendant Pete Ziff ("Ziff") is an individual residing in Delaware County, Pennsylvania and is an employee of Defendant State Farm.

**FACTS**

7. At or about early February 2014, Plaintiff, Cyprian Asumana completed an on-line questionnaire for a quote for automobile insurance at Statefarm.com.

8. The on-line insurance quote questionnaire stated, "We value your privacy. When you apply for insurance or an account, we gather information about you. This information may include your driving record, claim history with other companies, and credit information."




LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
3724 East Brandon Way ◇ Doylestown, Pennsylvania 18902
(215) 230-3761

9. The on-line questionnaire stated, "We need to know about any at-fault accidents that drivers on this quote have had in the past 6 years". Asumana did not add any at-fault accidents, as he was not at-fault in any automobile accidents in the prior 6 years.[1]

10. The on-line questionnaire stated, "Consumer reports, including information from state motor vehicle records and prior insurance claims, will be used to verify your driving history and could affect the premium at which your policy is issued."

11. The on-line questionnaire stated, "Please tell us about any tickets for moving violations that drivers on this quote have had in the past 6 years." While requesting the online quote Asumana was not sure of tickets for moving violations in the past six years and relied on the driving records Asumana gave consent to State Farm to review and verify his driving history.

12. The website further provided, "coverages and descriptions in this Auto Rate Quote are only general descriptions, and are not part of the contract."

---

[1] On November 26, 2013, Asumana was involved in an automobile accident wherein he was not at-fault, he was not cited and the other driver was cited for Careless Driving. On October 3, 2013, Asumana was involved in an automobile incident where he was not at-fault, regarding an individual walking into Asumana's vehicle for which Asumana was not cited.



LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
3724 East Brandon Way ◊ Doylestown, Pennsylvania 18902
(215) 230-3761

13. The website provided contact information for a State Farm Agent, Ed Quintus, 630 W. Providence Road, Aklan, Pennsylvania.

14. Asumana contacted Ed Quintus ("Quintus") and requested to make changes to the provided information in the quote questionnaire; however, Asumana was told he is unable to update information until the questionnaire uploaded to the agent's office. In the meantime, an automobile insurance policy became effective February 3, 2014, and Quintus contacted Asumana to inform him that information from Pennsylvania motor vehicle records had come back and indicated tickets for moving violations and accidents which would cause an increase in the original quoted rate. Asumana agreed to the increased rate, while correcting some of the information with Quintus.

15. Specifically, for example, Asumana corrected that:
   a) Beatrice Nimley's Pennsylvania Driver's License was not suspended when she operated Asumana's 2012 Nissan Altima, and the vehicle registration was not suspended for insurance cancellation;
   b) Asumana was in the process of purchasing the 2005 Buick LCX from his brother, which he sought to insure and listed the vehicle to obtain an insurance rate quote; and
   c) There was not a lapse in insurance for the 2012 Nissan at or about October 13, 2013, as the vehicle was insured with Progressive insurance policy 17218962-0.

16. On or about February 10, 2014, Asumana was in an automobile accident during a snow storm.




17. State Farm investigated the claim and on February 19, 2014, issued a check for Six Thousand, Five Hundred and Fifty One Dollars and Ninety Seven Cents ($6,551.97), payable to 'Cyprian Asumana & Franklin Mint Credit Union', the vehicle lien holder.

18. Asumana requested State Farm to reissue the check payable to the body shop repairing the vehicle and State Farm agreed, cancelling the initial check.

19. State Farm in lieu of reissuing the check, attempted to intimidate Asumana by forwarding the claim file internally among several adjusters, including Don Pickell ("Pickell") from State Farm's Special Investigation Unit who requested Asumana provide copies of items such as his credit report, telephone records and bank statements.

20. After receiving the requested information, State Farm continued its intimidation of Asumana, by calling people from Asumana's telephone records, and going to the auto body shop where Asumana's vehicle was to be repaired showing people pictures of Asumana and asking if they recognize Asumana.

21. After several weeks of intimidation Pickell telephoned Asumana to state the claim was denied.



22. On March 24, 2014, State Farm issued a letter to Asumana denying the claim, stating that: "There is no coverage for this loss as your policy has been rescinded".

23. On April 4, 2014, Asumana filed a complaint with the Pennsylvania Department of Insurance.

24. Upon information and belief, on or about June 17, 2014, when State Farm learned of the complaint filed with the Pennsylvania Department of Insurance, Peter Ziff of State Farm's Special Investigating Unit reported to law enforcement that Asumana had committed criminal fraud.

25. On September 5, 2014, Asumana filed a civil complaint against State Farm, captioned *Cyprian Asumana v. State Farm Insurance*, Docket No. MJ-32247-CV-0000124-2014, in Magistrate District Court, for failure to pay the insurance claim for the February 10, 2014 accident, having initially agreed to pay $6,551.97.

26. On October 21, 2014, a hearing was held, and the matter was decided in favor of Asumana with a judgment against State Farm for $6,551.97 and $165.98 in costs.

27. Upon information and belief, when State Farm learned of the judgment it requested the criminal complaint against Asumana proceed. On or about October 29, 2014, a criminal complaint was issued against Asumana.




28. On or about November 14, 2014, State Farm, through its counsel indicated to Asumana it filed by mail a Notice of Appeal as to the judgment entered in the Magistrate Court. Upon information and belief, a review of the docket indicates no appeal was taken.

29. State Farm's counsel then contacted Asumana. Asumana explained that he had already paid to have the automobile repaired and needed the money to replace his savings for the holidays. State Farm's counsel suggested the matter would be tied up in court for years and in lieu of a costly appeal, and to have money for the looming holiday financial outlays, Asumana should accept a settlement of $5,500.00.

30. On or about November 18, 2014, Asumana accepted the proposed settlement of $5,500.00 in lieu of the judgment amount from the Magistrate Court.

31. A warrant having issued for Asumana's arrest, on or about January 21, 2015, Asumana was required to turn himself in, and attend a Preliminary Arraignment, stemming from the falsely alleged insurance fraud by State Farm.

32. On or about January 26, February 23, March 9, and March 30, 2015, Preliminary Hearings were scheduled, and neither Pete Ziff nor any other representative from State Farm attended, usually causing the matter to be continued.




33. On April 6, 2015 a Preliminary Hearing was rescheduled and again neither Pete Ziff nor any other representative from State Farm attended. The Assistant District Attorney withdrew the charges, suggesting to Asumana he should pursue a matter against State Farm.

## COUNT ONE
### DRAGONETTI ACT - 42 Pa.Cons.Stat.Ann. § 8351

34. Plaintiff incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein at length.

35. Defendants State Farm and Pete Ziff performed an extensive investigation into the matter, including obtaining the October 3, 2013 and November 26, 2013 accident reports which State Farm provided to Asumana.

36. Upon information and belief, on or about June 17, 2014, Peter Ziff of State Farm's Special Investigating Unit and/or other State Farm employees reported knowingly false information to law enforcement to indicate Asumana had committed fraud on an insurance application.

37. The information provided is know by Defendants to be false, and an intelligent exercise of the law enforcement officer's discretion became impossible, and a prosecution based upon the knowingly false information is procured by State Farm, Peter Ziff of State Farm's Special



Investigating Unit and/or other State Farm employees providing the false information to law enforcement.

38. Based on information and belief, State Farm, Peter Ziff of State Farm's Special Investigating Unit and/or other State Farm employees refused to attend or cooperate with law enforcement at all scheduled Preliminary Hearings, State Farm having given knowingly false information.

39. The criminal charges were dropped by the District Attorney as State Farm and/or its employees refused to cooperate and refused to attend the Preliminary Hearing.

40. The primary purpose for which the proceeding was brought was in retaliation for Asumana filing a complaint with the Pennsylvania Insurance Department, filing a civil complaint in the magistrate court and to intimidate Asumana into accepting the denial of his initial claim.

41. Asumana has been damaged by Defendants' actions incurring legal fees and costs to defend against the criminal claim and expunge his arrest record.

WHEREFORE, Plaintiff demands judgment:

(a) Directing payment of monetary damages;
(b) Awarding payment of punitive damages;
(c) Awarding payment of attorney fees; and
(d) For such further relief as the Court may deem equitable and just.




## COUNT TWO
## MALICIOUS ABUSE OF PROCESS

42. Plaintiff incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein at length.

WHEREFORE, Plaintiff demands judgment:

(a) Directing payment of monetary damages;
(b) Awarding payment of punitive damages;
(c) Awarding payment of attorney fees; and
(d) For such further relief as the Court may deem equitable and just.

## COUNT THREE
## DEFAMATION - 42 Pa.Cons.Stat.Ann. § 8343

43. Plaintiff incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein at length.

44. Upon information and belief, on or about June 17, 2014, Peter Ziff of State Farm's Special Investigating Unit and/or other State Farm employees reported knowingly false information to law enforcement that Asumana had committed fraud on an insurance application, words imputing a criminal offense.

45. As a result a warrant was issued for Asumana's arrest, an arrest record was created, including Asumana's finger prints and mug shot, and Asumana was caused to seek legal counsel to defend himself and expunge his arrest record.

46. Abuse of a conditionally privileged occasion.




WHEREFORE, Plaintiff demands judgment:

(a) Directing payment of monetary damages;
(b) Awarding payment of punitive damages;
(c) Awarding payment of attorney fees; and
(d) For such further relief as the Court may deem equitable and just.

## COUNT FOUR
### ACTIONS ON INSURANCE POLICIES - 42 Pa.Cons.Stat. § 8371

47. Plaintiff incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein at length.

48. State Farm did not have a reasonable basis for denying benefits under the policy; and

49. State Farm knew or recklessly disregarded its lack of a reasonable basis for refusing payment; and

50. State Farm determined through its investigation that the value of the claim is $6,551.97 for the February 10, 2014 accident and as such a release was not required and State Farm acted in bad faith requesting and obtaining one for less than the undisputed amount of the claim.

51. State Farm acted in bad faith by withholding undisputed benefits from Asumana in order to elicit a release, for a lesser amount.

52. Asumana was coerced into signing the release.

WHEREFORE, Plaintiff demands judgment:

(a) Directing payment of monetary damages and interest;
(b) Awarding payment of punitive damages;

    (c)  Awarding payment of attorney fees; and
    (d)  For such further relief as the Court may deem equitable and just.

## COUNT FIVE
## BREACH OF CONTRACT

53. Plaintiff incorporates herein by reference the preceding paragraphs as though the same were fully set forth herein at length.

54. State Farm did not have a reasonable basis for denying benefits under the policy; and

55. State Farm knew or recklessly disregarded its lack of a reasonable basis for refusing payment; and

56. State Farm determined through its investigation that the value of the claim is $6,551.97 for the February 10, 2014 accident and as such a release was not required and State Farm acted in bad faith requesting and obtaining one for less than the undisputed amount of the claim.

57. State Farm acted in breach of its contract with Plaintiff by withholding undisputed benefits from Asumana in order to elicit a release, for a lesser amount.

58. Asumana was coerced into signing the release.

WHEREFORE, Plaintiff demands judgment:

    (a)  Directing payment of monetary damages and interest;
    (b)  Awarding payment of punitive damages;
    (c)  Awarding payment of attorney fees; and
    (d)  For such further relief as the Court may deem equitable and just.




JURY DEMAND

PLAINTIFF hereby demands trial by jury on all issues triable to a jury.

DATED: July 6, 2015

LAW OFFICES
**MICHAEL J. BROOKS, ESQUIRE**
*Attorney at Law*
3724 East Brandon Way
Doylestown, Pennsylvania 18902
(215) 230-3761

By: _____
Michael J. Brooks, Esquire
Attorney for Plaintiffs
PA Supreme Court I.D. No. 74630

VERIFICATION

The language of the foregoing document is that of counsel and not necessarily my own; however, I have read the foregoing document and the factual information contained therein is true and correct to the best of my personal knowledge, except as to any averments specifically stated to be "on information and belief." To the extent that the factual averments of the Complaint are stated to be "on information and belief," the averments are true and correct to the best of my information and belief. To the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this verification and said content is true and correct to the best of my information and belief.

I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Dated: July 6, 2015

By: _____
CYPRIAN AKUMABA

LAW OFFICES
MICHAEL J. BROOKS, ESQUIRE
Attorney at Law
3724 East Brandon Way ◊ Doylestown, Pennsylvania 18902
(215) 230-3761

MICHAEL J.
BROOKS
ESQUIRE
Attorney@Law